## STATE v. HENRY TAYLOR.[1]

### January 2, 1920.

### No. 21,551.

**Criminal law — verdict sustained by evidence.**
    1. The evidence, though not entirely free of doubt, is *held* sufficient to sustain the verdict of guilty.

**Same — new trial granted because of prejudicial cross-examination.**
    2. The extent to which the cross-examination of a witness upon col-

[1]Reported in 175 N. W. 615.

lateral matters to affect his credibility may be pursued is largely discretionary, but in this case, where the county attorney conducted a prolonged cross-examination of the defendant, which carried insinuations as to the character and disposition of the defendant which were likely to be applied by the jury unfavorably to him in considering the particular issue and not confined to its proper scope, it was prejudicial and a new trial should be had.

Defendant was indicted by the grand jury of Wilkin county charged with the crime of taking indecent liberties with the person of a female child  under the age of 14, tried in the district court for that county before Flaherty, J., and a jury which found him guilty as charged.   Defendant's motion for a new trial was denied.   From the judgment of conviction, sentencing him to imprisonment in the state prison for a period of not to exceed one year and six months, defendant appealed.   Reversed.

*Lewis E. Jones* and *Leonard Ericksson,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *E. H. Elwin,* County Attorney, for respondent.

DIBELL, J.

The defendant was convicted of taking indecent liberties with a female child under 14 years of age, and appeals.

1.  The conflict in testimony is positive.  The girl affirms that an offense was committed and the defendant denies it.  The girl is corroborated by the fact of a prompt complaint made to her mother.  Her testimony is in some respects confused and she contradicts herself materially. The defendant produced several character witnesses.  The evidence, though not entirely free of doubt, is sufficient to sustain the verdict.

2.  The cross-examination of the defendant was all upon collateral matters.  It tended to show that he had been something of a wanderer, going back and forth for a number of years from Missouri to Minnesota. He had lived on a farm in the county for three years, or at least that was his claim.  At the time of the offense alleged he had some sort of a shoe and harness shop in Foxhome.

As much as one-third of the cross-examination was directed to the alleged conduct of the defendant in taking a young woman of the vicinity to Fargo, the plain implication being that he did so for improper pur-

poses, and to questions suggesting that his wife had given him $500 or some other sum to leave her. Not all of such questions were permitted and nothing very harmful was actually proved, but the constantly pressed insinuation was that the defendant was a bad man in his association with this woman and that he had trouble in his domestic relations, and that evidence if admitted would prove it. To one charged with the crime alleged in the indictment it was necessarily prejudicial. It would give the jury the notion that a man such as he was suggested by innuendo to be was more likely to commit such a crime. The extent to which testimony may be received to affect credibility, though upon collateral matters, is largely for the trial court. Gardner v. Kellogg, 23 Minn. 463; State v. Quirk, 101 Minn. 334, 112 N. W. 409; State v. Phillips, 105 Minn. 375, 117 N. W. 508; 3 Dunnell, Minn. Dig. and 1916 Supp. § 10348. The questions asked and persistently urged so remotely affected the defendant's credibility and were so likely to be applied by the jury unfavorably to him in their consideration of the issue involved and not restricted to their proper scope that a new trial should be had. Malone v. Stephenson, 94 Minn. 222, 102 N. W. 372; Howard v. Farr, 115 Minn. 86, 131 N. W. 1071; State v. McCoy, 112 Minn. 424, 128 N. W. 465; Petruschke v. Kamerer, 131 Minn. 320, 155 N. W. 205; 3 Dunnell, Minn. Dig. and 1916 Supp. § 10348.

In reaching this conclusion we note the trial court's view that the defendant was guilty, and but for the persistent and prejudicial questioning we would not disturb the result. The trial court was entirely fair, and it was commendably careful of the defendant's rights when the time for sentence came. There was a suggestion then that the defendant at times was mentally affected. The interests of justice will be subserved by a new trial.

Judgment reversed.

HALLAM, J. (dissenting).

In my opinion the conduct of the county attorney in asking questions was not such misconduct as to warrant a reversal. See State v. Quirk, 101 Minn. 334, 112 N. W. 409; State v. Johnson, 114 Minn. 493, 131 N. W. 629.