## STATE v. HARDY FRIEND.[1]

January 13, 1922.

No. 22,529.

**Verdict supported by evidence.**

1. The evidence sustains the verdict of the jury finding the defendant guilty of carnally knowing a female child under 18 years of age.

**Evidence of similar crimes inadmissible.**

2. Testimony of the girl that the defendant, at the time of the commission of the offense, stated to her that he had had intercourse at the same place at prior times with young girls under 18 was evidence of other disconnected and independent crimes, and was inadmissible. It was not receivable as part of the res gestae.

**Evidence incompetent.**

3. Evidence that young girls under 18 frequented the place of business of the defendant, in which he had a room where he slept, and that he rode about in his car with girls of such age, was incompetent.

**Suggestions of prosecuting attorney concerning defendant prejudicial.**

4. Suggestions by the prosecution that the defendant's father, a banker, was a very wealthy man; that the defendant had an income of $500 per month; that he had plenty of money; that he was constantly about and associating with young girls, and that he had been on drunken sprees with a resident of the city, were improper.

Defendant was indicted by the grand jury of Freeborn county charged with the crime of carnal knowledge of a girl under the age of 18, tried in the district court for that county before Catherwood, J., and a jury and found guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Reversed.

*L. H. Ostrander* and *H. H. Dunn*, for appellant.

*C. L. Hilton*, Attorney General, and *John O. Peterson*, for respondent.

[1]Reported in 186 N. W. 241.

DIBELL, J.

The defendant was convicted of the crime of carnally knowing a female child under the age of 18 years, and he appeals.

1. The offense is claimed to have been committed on October 18, 1920, in Albert Lea, in the place of business of the defendant, in which he had a room where he slept.

The evidence sustains the verdict. The girl testifies to the offense; the defendant denies it. The two were together not far from the time the girl claims it occurred, both before and ·after, and at or .near the defendant's place of business. There is evidence tending to show that the defendant was engaged in a business meeting at a hotel in the city at the time. There is testimony, rather weak, that the girl was about town at or soon after the time she claims she was with the defendant. There is testimony that another man on the evening in question was alone in the room where and at the time when the girl claims the offense took place, and that he slept there that night. There is testimony of enmity on the part of the girl toward the defendant. The evidence as to the defendant's whereabouts is not at all conclusive. The evidence was for the jury. It fairly sustains the verdict. The trial court approves it. We have no criticism to make of it.

2. The girl testified that during the commission of the offense the defendant told her that he had had intercourse in the same place with a number of other girls under 18 years of age living in the city. Emphasis was placed upon their ages. This testimony, if believed, was proof that the defendant had committed other independent and disconnected offenses, though of the same general character. That such was the purpose for which it was offered no one familiar with criminal trials doubts. Evidence of other crimes is not in general admissible in proof of the crime charged. State v. Fitchette, 88 Minn. 145, 92 N. W. 527; State v. Nelson, 148 Minn. 285, 181 N. W. 850. There are exceptions, such as those stated in State v. Monroe, 142 Minn. 394, 172 N. W. 313, and State v. Ettenberg, 145 Minn. 39, 176 N. W. 171. This case is not within them. In the Fitchette case the court said that the defendant is "entitled to be informed of

the precise charge he is to meet, that he may prepare for his trial. These rights are secured by constitutional sanctions, and should be efficiently guarded by the courts. Hence the proof of independent offenses of the same nature and character as the one for which the accused is tried cannot be given in evidence as a make-weight against him."

That evidence of other crimes has probative force is without question. It affects the judgment of the average juror, and of the trained legal mind of the lawyer and of the judge accustomed to scrutinize and weigh evidence. This prompts the remark of Judge Jones that "other acts of criminality or immorality are not legally relevant, and should not be dragged in to prejudice the defendant or to create a probability of guilt." 1 Jones, Ev. § 143. And it induces Dean Wigmore to remark upon the tendency of the trial tribunal, whether judge or jury, "to take the proof of it as justifying a condemnation irrespective of guilt of the present charge," and "to believe the defendant guilty of the charge merely because he is a likely person to do such acts," and "to condemn, not because he is believed guilty of the present charge, but because he has escaped unpunished from other offenses." 1 Wigmore, Ev. § 194. The rule is stated by Mr. Justice Dodge in Paulson v. State, 118 Wis. 89, 94 N. W. 771, to be that under the theory of criminal trials "that evidence against him [the accused] should be confined to the very offense charged, and that neither general bad character nor commission of other specific disconnected acts, whether criminal or merely meretricious, could be proved against him." This is the present settled rule of evidence in criminal trials in this state and in other common law jurisdictions.

The statements made by the defendant were not receivable as a part of the res gestae. They did not characterize or explain the main act under investigation, nor were they necessary to be shown in the course of the proof of it. The intent and knowledge present in other crimes were not involved. They constituted a narration of past acts constituting independent crimes; and, as before stated, the purpose was to get before the jury the claimed commission of other crimes. They were made a distinct feature of the case.

Reaching this conclusion, it is not necessary to inquire whether the defendant should have been permitted to cross-examine the girl as to the names of the other girls, and break her testimony if he could, for the testimony to which the proposed cross-examination was directed was not properly received, and will not be in the record on another trial.

3. Evidence that girls under 18 frequented the defendant's place of business afternoons and evenings, and that he rode about with such girls in his car, was incompetent. Here again emphasis was constant upon the tender years of the girls. The purpose was to carry to the jury the suggestion that the defendant had the girls there, and rode about with them, for an improper object, and likely with the idea of committing an offense like that with which he was charged. In State v. Rutledge, 142 Minn. 117, 171 N. W. 275, involving an offense like the one charged here, it was said that asking questions suggesting improper familiarities and liberties taken with other girls, was much like proving other offenses, and was improper.

And in State v. Taylor, 144 Minn. 377, 175 N. W. 615, a prosecution for a similar offense, it was held that a prolonged cross-examination of the defendant upon his alleged conduct in taking a mature woman of the vicinity to another city, carrying a suggestion that it was for improper purposes, constituted misconduct. Here the prosecution persistently stressed the fact that the defendant was having about him and riding about with girls under 18. Such testimony was erroneous, and naturally prejudicial.

4. The holdings of this court do not discourage a vigorous prosecution. They disapprove an unfair one—one that by suggestion and innuendo gets before the jury matters wrongly prejudicial to the defendant. It is hardly necessary to say that it was improper to suggest that the father of the defendant, a banker in Iowa, was a very wealthy man; or to ask about the capitalization of his bank; or to suggest that the defendant had an independent income of $500 per month; or that he had plenty of money; or that he was on drunken sprees with a resident of the city. These need not occur on another trial. In the preceding paragraph we have mentioned the constant reference by the prosecution to the defendant's attention

to other young girls and the inferences drawn. No further comment is necessary.

There is nothing of which the defendant can complain in the charge of the trial court. It was impartial and presented the issues clearly and fairly. The matters upon which we have commented require a new trial.

Order reversed.