## STATE v. MIKE ABDO.[1]

January 8, 1926.

No. 24,989.

**Conviction sustained.**

1. The evidence sustains a verdict finding the defendant guilty.

**Exclusion of letter error.**

2. It was error to exclude a letter written by the prosecuting witness containing statements tending to exculpate the defendant. The defendant had the right to put the letter before the jury and to cross-examine the prosecutrix thereon.

**Error to permit state to show particulars of misconduct irrelevant to the issue.**

3. It was error to permit the state to go into the particulars of offenses committed by the defendant, and of other misconduct, to the extent permitted.

Rape, 33 Cyc. p. 1486 n. 12.
Witnesses, 40 Cyc. pp. 2601 n. 37; 2607 n. 61; 2610 n. 70; 2745 n. 69.

Defendant appealed from judgment of conviction before Comstock, J., in the district court for Blue Earth county, of the crime of carnally knowing and abusing a female child under the age of 18 years. Reversed.

*John E. Regan* and *A. M. Cary,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Frank E. Morse,* County Attorney, for respondent.

DIBELL, J.

The defendant was convicted of the crime of having carnal knowledge of a girl under the age of 18 years, and appeals.

[1]Reported in 206 N. W. 933.

1. The testimony of the prosecuting witness, in some respects corroborated by circumstances, was met by the denial of the defendant, likewise corroborated. The conviction is sustained by the evidence which it is unnecessary to detail.

2. The prosecutrix, when in the Sauk Center school for girls, wrote a letter to her mother containing statements tending to exculpate the defendant. Upon objection of the state the letter was excluded. The theory was that since some portions were obliterated the letter was inadmissible. The obliterations did not make it inadmissible. The defendant was entitled to put it in evidence and cross-examine the prosecutrix upon it. Some portion of it was indirectly before the jury by testimony as to its contents, and the prosecutrix admitted having told her mother some of the things which it contained; but the defendant was not accorded the right which was his to produce the letter to the witness, cross-examine her upon it, and have it before the jury. It was a substantial right in the denial of which the defendant was prejudiced.

3. The state went into the details of other offenses of the defendant, usually minor ones, some perhaps no more than violations of city ordinances. As bearing upon his credibility it was proper to show that the defendant had been convicted of crime. It was not proper to go into the details at length. When the defendant chose to be a witness the state had the right to show something of the kind of a man he was. He could not insist upon remaining wholly a stranger to the jury. But the state had not the right to show in detail the particulars of acts of misconduct not relevant to the issue, to the extent which it did. It featured the defendant as a man of a character likely to commit an offense like that charged. It featured the particulars of misconduct with another woman, and made much of the fact that he lived with his wife some time before a marriage ceremony. Testimony such as that suggested has a tendency to prejudice jurors, and take their minds from the issue.

From the beginning the state tried the defendant upon his general bad character and misconduct; and counsel for the defendant sought, just as eagerly and without apparent justification, to make

the police department and public authorities the issue. The situation prompted the remark of the court that "the attitude of counsel at both tables might be improved for the benefit of all concerned." There are nearly 300 typewritten pages of testimony. But a fraction of them bear in a direct or legitimately circumstantial way upon the issue for trial. The extent to which testimony may go in a legitimate and genuine attempt to affect credibility is much within the discretion of the trial court; but the state, in featuring the particulars of defendant's offenses and his other acts of misconduct, went beyond permissible limits. See State v. Miller, 151 Minn. 386, 186 N. W. 803; State v. Nelson, 148 Minn. 285, 181 N. W. 850; State v. Taylor, 144 Minn. 377, 175 N. W. 615; State v. Friend, 151 Minn. 138, 186 N. W. 241; State v. Fitchette, 88 Minn. 145, 92 N. W. 527.

There are other assignments of error, more than 100 in all, mostly though not all of no consequence, which we do not discuss.

Reversed.