## LILLIAN MARIE YOUNG v. C. J. BJORNES.[1]

January 15, 1926.

No. 24,921.

**Defendant's employe met death from accident arising out of and in course of his employment.**

The evidence sustains the finding of the Industrial Commission that the employe of the defendant met his death in an accident arising out of and in course of his employment.

Workmen's Compensation Acts, C. J. p. 115 n. 37.

Upon relation of defendant the supreme court granted its writ of certiorari directed to the Industrial Commission to review its order awarding compensation in a proceeding brought under the Workmen's Compensation Act. Affirmed.

*Jenswold, Jenswold & Dahle,* for relator.

*Clifford L. Hilton,* Attorney General, and *Hugo V. Koch,* for respondent.

DIBELL, J.

Certiorari on the relation of the defendant to review the order of the Industrial Commission awarding compensation to the dependents of Harry A. Young. The defendant was a contracting carpenter, and the deceased was in his employ as a helper or common laborer. The defendant was repairing a house in Duluth. On the afternoon of October 20, 1924, the work was substantially done, but there remained some inside partitions to be removed and the scaffolding which had been used was to be taken down. The defendant told the deceased that he need not return early the next morning for he himself would be late. The deceased reached the place of work about 8 in the morning and the defendant about 9:30. The defendant went up on a ladder to the chimney to inspect some work which had been done upon it, leaving the deceased on the ground, and telling him to await his return. When inspecting the chimney he

[1]Reported in 206 N. W. 933.

noticed a movement of the ladder, a sort of rustling noise, descended, and found the deceased with his head against the wall of the house, bleeding and incoherent, and shortly after he was taken to the hospital he died.

Just how the decedent came to his death is uncertain. It is a fair inference of fact that he fell from the ladder or scaffold. The evidence does not require a finding that, if he was there, he was in disobedience of orders. The direction of the defendant to him to wait might well enough be deemed a casual direction; and it does not follow, necessarily, that he had stepped aside from his employment at the time he met his death. He was at the time in the actual employ of the defendant, or in any event properly found as a fact to be so, and upon the premises where his work required his presence.

There is a suggestion in argument that he came to death through self-destruction. Apparently he was peculiar, but the theory of suicide is without much support, and nothing survives the adverse finding of the commission.

The finding that the death arose out of and in the course of the deceased's employment is sustained, and we think the finding well made.

Order affirmed.