## STATE v. MEYER GLAZER.[1]

February 21, 1929.

No. 27,061.

M. S. Winthrop and S. J. Kroman, for appellant.

G. A. Youngquist, Attorney General, Floyd B. Olson, County Attorney, and William C. Larson, Assistant County Attorney, for the state.

[1]Reported in 223 N. W. 769.

HOLT, J.

Defendant was found guilty of selling an encumbered automobile without disclosing the encumbrance. He appeals from the order denying him a new trial.

The verdict is attacked as without support. We deem the attack groundless, but because of our conclusion that there must be another trial we refrain from discussing the evidence or pointing out the permissible inference therefrom.

The new trial is required because of misconduct of the assistant county attorney, Joseph T. Poirier, who conducted the prosecution. Against repeated rulings sustaining objections to improper questions put to defendant on his cross-examination, like objectionable questions were persisted in. These are samples:

"How many times have you been in jail?"

"Do you know a man named Waldron up on 1030 West Broadway? * * * You had some trouble with him about a check? * * * In that case you were charged with forgery?"

"How many times have you been arrested for passing bum checks?"

"Do you know Glenn S. Rogers? * * * You put off a $10 check on him?"

"You were arraigned in the district court of Hennepin county on the third day of June, 1925, under the name of Morris Glazer?"

"You were in the box business in June, 1925? * * * And you were arrested shortly after that?"

"You do remember Mr. Pasch, don't you, 3600 Minnehaha Avenue? * * * Did you ever have any transactions with him?"

"And you never were arraigned in district court under the name of Meyer Glazer, were you?"

"You have had trouble more or less in the last few years over checks and automobiles, haven't you, Mr. Glazer?"

No lawyer need be told that the foregoing questions put to a defendant on cross-examination, where the charge is selling encumbered personal property without disclosing the encumbrance, were highly improper and prejudicial. State v. Fournier, 108 Minn. 402,

122 N. W. 329; State v. Nelson, 148 Minn. 285, 181 N. W. 850; State v. Abdo, 165 Minn. 440, 206 N. W. 933. Defendant testified on direct that he was in jail on July 28, 1926, at the time of the sale, that his partner made the sale in the absence of defendant and without his knowledge. Of course, in so far as the cross-examination related to his being in jail at the time of the alleged sale and the charge upon which he was then in custody, it was proper. But inquiries concerning other charges having no connection with his whereabouts at the time of the sale were without justification.

Error is also predicated upon questions of the same objectionable kind as those above referred to asked defendant on his cross-examination in relation to one or more automobiles bought by him under conditional sales contracts. The assistant county attorney, on objection being made, assured the court that he intended to prove that defendant had adopted a certain plan or scheme to defraud which he pursued in this instance. No attempt had been made by the state in its case to show any plan or scheme as was done in State v. Ames, 90 Minn. 183, 96 N. W. 330; State v. Monroe, 142 Minn. 394, 172 N. W. 313; State v. Oelschlegel, 173 Minn. 598, 218 N. W. 117. And the cross-examination of defendant went no further towards showing a plan than the insinuations contained in the questions themselves.

The misconduct of the prosecuting attorney vitiated the verdict.

The order is reversed and the cause remanded for a new trial.