## STATE v. LLOYD SANDERSON.[1]

February 28, 1930.

No. 27,775.

*Canfield & Michael,* for appellant.

*Henry N. Benson,* Attorney General, and *R. C. Engan,* County Attorney, for the state.

[1]Reported in 229 N. W. 564.

DIBELL, J.

This is a proceeding in bastardy which resulted in adjudicating the defendant father of an illegitimate child. The defendant appeals from an order denying his motion for a new trial.

■ Aside from character evidence in favor of the defendant, the evidence was substantially that of the defendant and the prosecuting witness. A strong case was not made. The issue however was for the jury supervised by the court.

■ One ground of the motion for a new trial is newly discovered evidence. The claim is that the attorneys of the defendant, after the trial, were reliably informed that the prosecuting witness told the matron of the state school at Sauk Center, where she was confined at the time, that she had sexual intercourse with others than the defendant about the time of her pregnancy. It is the claim that the matron gave such information in a letter to the Rock county child welfare board. No proof was made that such a letter was sent nor were the contents of the letter stated, nor would the letter of itself be competent evidence. There was no rebuttal by the state. An admission of the character stated would have been of weight. The claim of newly discovered evidence is far short of proof that the prosecutrix made the admission.

■ In the cross-examination of the defendant this occurred:

Q. "This is not the first time you have been in a scrape of this kind, is it?

Mr. Waggoner: "That is objected to as improper cross-examination and prejudicial.

The Court: "A charge that he had been accused of crime would be immaterial. The charge of a conviction would not be. I don't know what counsel has in—

Mr. Engan: "Well, we will pass it for the time being. Has that deal in Rock Rapids been cleaned up yet?

Mr. Waggoner: "That is objected to as improper cross-examination and wholly immaterial to any issue in this case.

Mr. Engan: "I will pass it.

The Court: "Well, he has not answered.

Mr. Waggoner: "Well, now, your Honor, we ask the court to admonish the state's attorney to refrain from asking such questions as that—as are prejudicial to the defendant's rights. I also ask the court to admonish the jury to not consider such statements that could be only made for the purpose of prejudicing the jury.

The Court: "Of course counsel knows what he has, and I doubt, within the limits that I have indicated, that such cross-examination would be perfectly proper. And that a conviction—sentence or judgment would be proper evidence—properly admissible. That things that have not proceeded that far would not be material of course. You know whether you have it and of course should not attempt to get anything out that is not within those limits.

Mr. Engan: "Well, as I understand, you have never been convicted of any charge of this nature before?

A. "No, sir."

Even if G. S. 1923 (2 Mason, 1927) § 9948, relative to the testimony of a convict applies, upon which we intimate no opinion, this constituted misconduct which should result in a new trial. State v. Glazer, 176 Minn. 442, 223 N. W. 769; State v. Miller, 151 Minn. 386, 186 N. W. 803; State v. Taylor, 144 Minn. 377, 175 N. W. 615.

Order reversed.