# STATE v. JAMES L. NORGAARD.

136 N. W. (2d) 628.

July 30, 1965—No. 39,135.

*William J. Nierengarten,* for appellant.

*Walter F. Mondale,* Attorney General, *J. Earl Cudd,* Solicitor General, and *Loren M. Barta,* County Attorney, for respondent.

MURPHY, JUSTICE.

Defendant appeals from a judgment of conviction of the offense of indecent assault in violation of Minn. St. 617.08. Numerous errors are assigned. The principal complaint of defendant is that he was prejudiced by an improper question asked in cross-examination by the prosecuting attorney and further that the verdict is not supported by the evidence.

From the record it appears that defendant, James Norgaard, the divorced husband of Mary Ann Norgaard, is the father of five children, the eldest of whom is Lee Ann, 9 years of age, the complainant. The Norgaards were twice divorced and at the time of the occurrences hereinafter related were unmarried and living in the same home. Defendant was employed on a Sunday paper route covering the village of Blooming Prairie and surrounding rural area. In the early morning hours on Sunday, September 2, 1962, he awakened Lee Ann to accompany him on the route. This was the first time the child had been alone with her father on the route. At approximately 10 a. m. defendant stopped his car on a country road near the farm of one Ted Meyer and there allegedly committed the offense with which he is charged. After the assault, the child climbed into the back seat of the automobile. She testified that as she did so defendant hit her on the chest and told her he would "beat her up" if she told anyone what had occurred. Before returning home defendant and the child visited the homes of Mr. and Mrs. Ferris Decker and Alice Beckman and stopped at a cafe in the village of Waltham. Sometime between 3 and 4 o'clock in the afternoon, the mother drove to the Beckman place with a neighbor and picked up the child and took her home. After she returned home the child went out to play, and at supper time she told her mother

what had happened on the route. The mother took the child to the sheriff's office at Owatonna, after which she was examined by a physician. A physical examination of the child by the physician confirmed the fact that she had sustained injuries to her person compatible with the occurrence as related by her to the authorities.

■ The first objection raised by defendant is that the verdict does not find support in the record. This contention is primarily based upon the claim that the complaining witness was not competent because of her age. In considering this point, it must be kept in mind that Minn. St. 595.02 provides:

"Every person of sufficient understanding, including a party, may testify in any action or proceeding, civil or criminal, in court or before any person who has authority to receive evidence, except as follows:

\* \* \* \* \*

"(6) \* \* \* children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly, are not competent witnesses."

The trial court is in the best position to determine whether a child of tender years is capable of "receiving just impressions of the facts" or of "relating them truly," and consequently it is within the discretion of the trial court to pass upon the competence of such a witness. It is recognized that although a child may be very young he may be a competent witness where he has sufficient capacity to understand the meaning of an oath and comprehend the obligation it imposes, and the intelligence to remember facts and relate them correctly. State v. Levy, 23 Minn. 104; Maynard v. Keough, 145 Minn. 26, 175 N. W. 891; Brown v. Radebaugh, 84 Minn. 347, 87 N. W. 937. On the basis of the record before us, we cannot say that the trial court abused its discretion in permitting the complaining witness to testify. An examination of the record indicates that she was intelligent for her age and able to truly relate the circumstances of the alleged offense.

■ It is next contended by defendant that he was denied a fair trial because of the prejudicial effect of inquiries made by the prosecuting attorney on cross-examination with reference to details of an unrelated

crime. In considering this point it should be noted that evidence in regard to the unrelated crime had been introduced prior to the time defendant took the stand as a witness. In the cross-examination of defendant's former wife, it developed that he had been confined in the penitentiary during their marriage. When defendant took the stand, his attorney, apparently anticipating that the subject of his criminal record would be pursued by the prosecution, asked defendant if he had ever been convicted of a crime and he admitted that he had been convicted of the offense of assault with intent to commit rape. On cross-examination the prosecuting attorney asked defendant if the girl involved in that offense was not 17 years of age. An objection to this question was sustained. Defendant contends that it was prejudicial error for the prosecuting attorney to refer to the age of the girl involved in the previous offense and that such prejudice was not removed by the trial court's sustaining the objection.

It is the contention of the state on the other hand that the question had a bearing on the credibility of defendant and that the inquiry was proper under § 595.07, which provides:

"Every person convicted of crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry; and the party cross-examining shall not be concluded by his answer thereto."

Under this statute a defendant who takes the stand as a witness exposes himself to the hazard of being asked questions relating to prior convictions. State v. Markuson, 261 Minn. 515, 113 N. W. (2d) 346. While the scope of such cross-examination must be left largely to the discretion of the court depending upon the circumstances, we do not understand that the statute permits the prosecution to go into the details of the prior conviction. Ordinarily, the examination on this point should be limited to the fact of the conviction, the nature of the offense, and the identity of the defendant. See, State v. Bock, 229 Minn. 449, 39 N. W. (2d) 887; State v. Quirk, 101 Minn. 334, 112 N. W. 409. It has been held that prejudice resulting in the minds of the jury by asking improper questions relating to prior bad acts may require reversal. State v. Sanderson, 179 Minn. 436,

229 N. W. 564; State v. Glazer, 176 Minn. 442, 223 N. W. 769; State v. Silvers, 230 Minn. 12, 40 N. W. (2d) 630; State v. Haney, 219 Minn. 518, 18 N. W. (2d) 315.

We are of the view that the question asked by the county attorney was improper and that no valid purpose was served by asking it. The question could have no bearing on the credibility of the witness. While we disapprove of the reference to the age of the victim involved in the prior offense, we cannot say on the state of the record that he was guilty of unfairness or overreaching. The prior evidence with relation to defendant's previous conviction and his admissions relating thereto were obviously so damaging that it is difficult to say that added prejudice followed from the information as to the age of the girl involved. We accordingly conclude on the basis of the entire record before us that, while the question should not have been asked, it was nevertheless not so improper as to be prejudicial to the point where a new trial should be ordered.

In passing upon the weight and sufficiency of the evidence we can only repeat that the scope of our review is limited to ascertaining whether under the evidence contained in the record the jury could reasonably find the accused guilty of the offense charged. If the jury, acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude that defendant was proven guilty of the offense charged, a reviewing court will not disturb its verdict. State v. Markuson, *supra*. Applying the foregoing rule to the record before us we are constrained to hold that the evidence supports the verdict. Defendant was ably represented by court-appointed counsel who saw to it that he had a fair trial.

Upon proper showing by court-appointed counsel that defendant is unable by reason of poverty to pay for the services and expenses in this court, an order will be duly made for compensation to be paid by the county in which the case was tried. Minn. St. 611.07, subd. 2.

Affirmed.