## STATE v. ARDEN D. YOUNGMARK.

172 N. W. (2d) 565.

November 14, 1969—No. 41437.

 

*C. Paul Jones,* State Public Defender, *Robert E. Oliphant* and *Rosalie Wahl,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *J. Dennis O'Brien, James J. O'Connor,* and *James Kelley,* Special Assistant Attorneys General, for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

This appeal is from a judgment of conviction of the crime of burglary in violation of Minn. St. 609.58, subd. 2(3).

Defendant contends that the evidence presented by the state was insufficient as a matter of law to sustain the jury's verdict. In our judgment, the evidence does sustain the verdict and we therefore affirm.

The record discloses these facts: About 9:30 on the evening of July 12, 1967, John Villas who resides in a house about 150 feet south of Wayne's Liquor Store in Austin, Minnesota, called the police when he heard the sound of breaking glass and observed two people entering the liquor store through a broken window. His wife, Sharon, went outside of the Villas' home when

she heard the breaking glass and from that vantage point observed two boys come out of the liquor store and run from the building in a westerly direction. She noted that they both had bottles in their arms and that one of the boys was wearing a plaid shirt, facts which she reported immediately to a highway patrolman who had responded to the alarm. Thomas Houff, a 12-year-old boy living near Wayne's Liquor Store, also saw two boys crawl out of the liquor store and run from the store, each with "a bunch of bottles" in his hands. He described one of the boys as wearing shorts. State Highway Patrolman Donald Johnson arrived at the scene shortly after the break-in and was informed that two persons had left the liquor store, one wearing shorts and the other a plaid shirt. Witnesses at the scene described the route which the boys had taken. Following this route, Johnson observed two young men walking rapidly to the south. At this point they were about two blocks from the liquor store and about one-third of a block south of him. Patrolman Johnson, who was in uniform, yelled, "Halt," but the boys, looking around, began to run in a southerly direction. Patrolman Johnson pursued them. The boy wearing shorts escaped; however, Johnson was able to apprehend defendant and observe that he had on a plaid shirt and trousers made of a dark material. The testimony of Patrolman Johnson was confirmed in broad detail by Gene White, an Austin policeman.

Austin Police Officer Kenneth Hines found eight bottles of liquor in a car parked near the Hamm's warehouse, which is located approximately a block west and a little south of the liquor store along the route the burglars had followed. The car was owned by James Davis who had been with defendant at a party somewhat earlier in the evening. There was evidence to show that the liquor found in the Davis car was the same as that taken from the liquor store.

After defendant was arrested, his clothing was removed and sent to the State Crime Bureau along with glass fragments from the window of Wayne's Liquor Store. Scientific comparison re-

vealed "a high degree of probability" that the glass chips in defendant's jacket came from the broken glass in Wayne's Liquor Store. The police also found $1.45 in nickels in defendant's pockets when they inventoried his property at the jail, a significant circumstance in view of the fact that a quantity of nickels had been taken from the liquor store.

In our opinion, the evidence amply sustains the finding of guilt. See, State v. Bell, 262 Minn. 545, 115 N. W. (2d) 468; State v. Collins, 276 Minn. 459, 150 N. W. (2d) 850, certiorari denied, 390 U. S. 960, 88 S. Ct. 1058, 19 L. ed. (2d) 1156; State v. Norgaard, 272 Minn. 48, 136 N. W. (2d) 628; State v. Peterson, 266 Minn. 77, 123 N. W. (2d) 177; State v. Shetsky, 229 Minn. 566, 40 N. W. (2d) 337.

Affirmed.