STATE of Minnesota, Respondent,

v.

Roosevelt NASH, Appellant.

No. C4–83–1151.

Court of Appeals of Minnesota.

Jan. 11, 1984.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas Johnson, Hennepin County Atty., Lee W. Barry, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Defendant appeals his conviction for aggravated robbery under Minn.Stat. § 609.-245 following a jury trial before Hennepin County District Court. Defendant claims (1) that the evidence was insufficient to justify the conviction because the alleged victim's wallet was never recovered; (2) that the trial court erred in failing to instruct the jury on the lesser offenses of attempted aggravated robbery, simple robbery and attempted simple robbery; and (3) that the trial judge should have departed downward in durational sentencing, from the presumptive sentence, because the victim suffered only minimal injury and defendant's conduct only met the minimal requirements of the offense. We affirm.

## FACTS

■ The incident giving rise to this case occurred on December 18, 1982 at about 1:00 a.m. in front of the Taste Bar in downtown Minneapolis. On his way out of the Taste Bar, the victim stopped in the restroom where he checked his wallet to count his cash; he had $70 left. He returned the wallet to his right rear pocket.

The victim left the bar and stood outside the door waiting for the traffic to clear so he could cross the street to get to his car. While standing there Roosevelt Nash, appellant, approached him smiling. Nash gave him a bear hug; he asked Nash what he wanted. The victim felt Nash's hand reach for and go into his back right pocket where he had his wallet. The victim yelled for help during this struggle attracting the attention of two police officers stationed across the street. He felt his wallet being removed from his pocket and tried to get his arms free to stop Nash but was unable to. Nash struck him on the left side of his

face cutting his lip, knocking his glasses off, and forcing him to the ground. The victim's face swelled, causing him pain; the cut lip filled his handkerchief with blood. Nash ran down the street passing through two groups of people. The police officers who observed Nash's attack on the victim, chased Nash and apprehended him about 75–100' from where the victim was knocked down. The wallet was not found. Nash was charged with aggravated robbery.

On March 21, 1983, the first jury trial was conducted in Hennepin County District Court. At this trial the jury was instructed on aggravated robbery, simple robbery, theft from a person, and assault in the fourth degree. A mistrial was declared when the jury was unable to reach a verdict.

On May 9–10, 1983, a second jury trial was held. After the case was presented, the parties met in the judge's chambers to discuss the proposed instructions. Defendant elected to have the court submit to the jury assault in the fourth degree as the only lesser included offense rather than the alternatives offered at the first trial. The jury was then instructed on aggravated robbery and assault in the fourth degree. Defense counsel did not object to these instructions. After approximately one hour of deliberation, the jury returned a verdict of guilty of aggravated robbery.

On June 2, 1983, defendant was sentenced to the minimum presumptive sentence of 90 months at Stillwater, with a seven month credit for time already served.

## ISSUES

1. Whether the evidence was sufficient to support the jury's finding that the appellant-Nash committed the crime of aggravated robbery?

2. Whether the jury instructions of the trial court were proper?

3. Whether appellant-Nash received the appropriate sentence under the Minnesota Sentencing Guidelines?

## ANALYSIS

1. The basic principles for evaluating the sufficiency of the evidence were stated by the Minnesota Supreme Court in *State v. Merrill*, 274 N.W.2d 99 (Minn.1978):

> In reviewing a claim of insufficiency of the evidence, we are limited to ascertaining *whether*, given the facts in the record and the legitimate inferences that can be drawn from those facts, *a jury could reasonably conclude* that the *defendant was guilty* of the offense charged. *State v. Whelan*, 291 Minn. 83, 85, 189 N.W.2d 170, 172 (1971); *State v. Norgaard*, 272 Minn. 48, 52, 136 N.W.2d 628, 631 (1965) We cannot retry the facts, but must take the *view* of the *evidence most favorable to the state* and must assume that the jury believed the state's witnesses and disbelieved any contradictory evidence. *State v. Darrow*, 287 Minn. 230, 235, 177 N.W.2d 778, 781 (1970); *State v. Ellingson*, 283 Minn. 208, 211, 167 N.W.2d 55, 57 (1969); *State v. Thompson*, 273 Minn. 1, 36, 139 N.W. 2d 490, 515, certiorari denied, 385 U.S. 817, 87 S.Ct. 39, 17 L.Ed.2d 56 (1966). *If the jury*, giving due regard to the presumption of innocence and to the state's burden of proving the defendant's guilt beyond a reasonable doubt, *could reasonably have found the defendant guilty, that verdict will not be reversed. State v. Norgaard, supra.*, 272 Minn. at 52, 136 N.W.2d at 632. (Emphasis added.)

274 N.W.2d at 111. *See also State v. Turnipseed*, 297 N.W.2d 308, 313 (Minn.1980).

Viewing the evidence most favorable to the state, the jury could reasonably have found defendant guilty of aggravated robbery.

2. Defendant now claims on appeal that he was also entitled to instructions on the lesser crimes of attempted aggravated robbery, simple robbery and attempted simple robbery even though the court gave the instructions he requested.

Although Minn.Stat. § 609.04 (1982) provides that "the actor may be convicted of either the crime charged or an included

crime," there is no statutory requirement that the actor be charged with lesser crimes or that a jury be instructed on lesser crimes.

The Minnesota Supreme Court has given courts discretion in instructing juries on lesser included crimes even where a defendant objects to such instructions. In *State v. Pankratz*, 238 Minn. 517, 57 N.W.2d 635 (1953), the court stated:

Where the evidence will justify a verdict of a lesser degree of the crime than is charged in the indictment, defendant may not demand as a matter of right that the court submit only the degree of the crime charged in the indictment. If, however, his request to do so is granted by the court, he cannot thereafter complain of the court's action.

57 N.W.2d at 647. This is exactly what defendant is doing in the instant case; complaining that the court failed to instruct on lesser crimes when he apparently chose to gamble at his second trial that the jury might acquit him on aggravated robbery if there were no instructions on lesser included offenses.

The Minnesota Supreme Court listed five principles which apply when submitting lesser included offenses in *State v. Jordan*, 272 Minn. 84, 136 N.W.2d 601 (1965), as follows:

(a) A person prosecuted for a crime may be convicted either of the crime charged or an included crime, but not both.

(b) If a defendant is guilty as charged, or not at all, instructions with respect to lesser but included crimes are not appropriate.

(c) If the evidence adduced at trial would permit a finding of guilty of an included crime, defendant is entitled to appropriate instructions advising the jury of its power to return a verdict of guilty of the lesser offense.

(d) The right of the defendant to have such instructions given to the jury may be waived ... expressly or ... implicitly by failure to make proper request for such submission.

(e) Where the jury is provided with forms of verdicts and paragraph (c) above applies, a form of verdict should be included for use by the jury if it finds the defendant guilty of the lesser but included offense. [Footnotes omitted.] 136 N.W.2d at 604.

According to item (b) above, defendant received the appropriate instructions because his admission that he assaulted the victim makes instructions on simple robbery or theft from a person inappropriate. Applying item (d) above, it is also clear that defendant received the appropriate instructions since he proposed them, reviewed them and failed to object to them.

■ According to *State v. Berry*, 309 N.W.2d 777 (Minn.1981), the Minnesota Supreme Court has "consistently held that when a defendant waives his right to have the jury instructed regarding lesser included offenses, he is precluded from raising the issue on appeal." 309 N.W.2d at 785. Applying *Berry*, we find that defendant's actions preclude him from raising this issue on appeal.

■ 3. Nash was sentenced to 90 months at Stillwater, the minimum applicable presumptive sentence under the Minnesota Sentencing Guidelines for a person with a total criminal history score of six. Nash argues that the trial court erred in failing to depart downward from the sentencing guidelines in setting the duration of his sentence. Nash asserts "that the victim injury was so de minimus in this case as compared to a typical case of aggravated robbery that a downward durational departure was justified."

The trial court considered defendant's request for a downward departure but decided to deny it, stating:

I have no reason after reviewing the report of the probation officer and your past record to justify departing downward, particularly given your letters in which you deny your involvement in this matter and consequently are showing no remorse for the offense committed or your past record of criminal activity.

Consequently it seems to me I have no choice but to impose the minimum amount of time under the Guidelines which is 90 months. I can depart that much for you—not depart, but I can give you that much of a break, a seven-month break, that is all.

Sentencing Transcript, p. 4.

The trial judge correctly followed the Minnesota Sentencing Guidelines which state at Section II.D:

D. *Departures from the Guidelines:* The sentences provided in the Sentencing Guidelines Grid are presumed to be appropriate for every case. The judge shall utilize the presumptive sentence provided in the sentencing guidelines unless the individual case involves substantial and compelling circumstances. When such circumstances are present, the judge may depart from the presumptive sentence and stay or impose any sentence authorized by law....

The Minnesota Supreme Court has interpreted this language as meaning, "that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion." *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981); *State v. Back*, 341 N.W.2d 273, 274 (Minn.1983). The Minnesota Court of Appeals has followed this interpretation in refusing to grant a durational reduction in *State v. Frey*, 340 N.W.2d 346, 347–348 (Minn. App.1983). Indeed, *Kindem* states "that it would be a rare case which would warrant reversal of the refusal to depart." 313 N.W.2d at 7. In the instant case defendant is unable to demonstrate that this case is a rare case involving substantial and compelling circumstances which justifies a sentence reduction.

### DECISION

We hold that:

(1) the evidence was sufficient to support defendant's conviction for aggravated robbery;

(2) the trial court properly instructed the jury; and

(3) the sentence imposed is appropriate under the Minnesota Sentencing Guidelines.

Affirmed.