**STATE of Minnesota, Respondent,**

v.

**Linda Gail STENDER, Appellant.**

**No. C8–84–580.**

Court of Appeals of Minnesota.

Sept. 25, 1984.

Hubert H. Humphrey, III, Atty. Gen., Marcia Rowland, Carver County Atty., Kenneth N. Potts, Asst. Carver County Atty., Chaska, for respondent.

Diane M. Carlson, Chaska, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant Linda Stender appeals her conviction for theft in violation of Minn.Stat. §§ 609.52, subd. 2(3), and 393.07, subd. 10(a) (1982). Stender applied for and obtained food stamps for which she was ineligible because she had resources in excess of the food stamp eligibility limit. On appeal she claims the evidence was insufficient to support her conviction because she believed she did not own the money in a joint account with her ex-husband and therefore did not have the specific intent to defraud or willfully conceal a material fact on her application. We affirm.

## FACTS

On May 27, 1983, Stender completed a food stamp application to the Carver County Community Social Services. Under the "Resources" section Stender reported that she had $10 in cash, $100 in her checking

account, and nothing in a savings account other than $83 belonging to her children. Based on her representations, she was issued $248 worth of food stamps on June 3, 1983.

Stender's assets were checked, and it was discovered that at the time she applied for stamps she owned a joint savings account at the First National Bank of Waconia with her ex-husband and had made substantial withdrawals from that account. On May 24, 1983, she withdrew $1,000 from the joint savings account, and on May 27, 1983 (just prior to her application for food stamps), she withdrew over $3,000 from the joint savings account.

Stender told Craig Clausen, fraud investigator for Carver County Community Social Services, that of the $3,000 she had withdrawn from the joint savings account on May 27 she put $100 of it in her personal checking account, $400 in a joint checking account, gave $500 to a friend, and made a check payable to herself for $2,100. Stender eventually returned about $134 worth of food stamps to the County.

Stender was charged with two counts of theft for (1) obtaining property by an intentionally false representation with the intent to defraud, Minn.Stat. § 609.52, subd. 2(3) (1982), and (2) obtaining food stamps by a willfully false representation or intentional concealment of a material fact, *id.*, § 393.-07, subd. 10(a). Following a court trial the trial court entered an order finding Stender guilty on both counts. Stender received a 90-day jail sentence suspended for one year on the conditions that she make restitution of $114 and commit no same or similar offense for a period of one year.

## ISSUE

Was the evidence sufficient to convict appellant of theft?

## ANALYSIS

■ Trial court findings are entitled to the same weight as jury verdicts. *State v.*

*Gardin*, 251 Minn. 157, 161, 86 N.W.2d 711, 715 (1957). As this court recently stated:

In reviewing the sufficiency of evidence, this court has recognized that it "is limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts," a court could "reasonably conclude that the defendant was guilty of the offense charged." * * * We cannot retry the facts, but must take the view of the evidence most favorable to the state.

*State v. Thurmer*, 348 N.W.2d 776, 778 (Minn.Ct.App.1984) (quoting *State v. Nash*, 342 N.W.2d 177, 179 (Minn.Ct.App.1984) (emphasis omitted)).

■ Our review of the record shows that the trial court could reasonably conclude that Stender was guilty of the offense charged. The food stamp application required that she report all resources to which her household had access. The bank records subpoenaed by the State showed that she did have access to funds in a joint savings account with her ex-husband. Bonita Ess, an officer of the First National Bank of Waconia, testified that both parties have unlimited access to funds in a joint savings account. In this case the records show that Stender exercised unconditional power over the joint savings account, as evidenced by her withdrawal of $1,000 on May 24, 1983, and approximately $3,000 on May 27, 1983. In addition, she used these funds to cover personal checks.

Had Stender disclosed the joint savings account she would have been ineligible to receive food stamps based on the $1,500 resource limit of the food stamp program. Stender was familiar with application forms for public assistance, having applied for assistance in 1978 and 1979. In addition, the financial worker went over the forms with her in great detail.

■ Intent may be proved by circumstantial evidence. *State v. Hardimon*, 310 N.W.2d 564, 566 (Minn.1981). Viewing the evidence in the light most favorable to the

State and assuming the trial court disbelieved Stender's contradictory testimony that she never intended to defraud the County or willfully conceal a material fact, the record supports her conviction.

## DECISION

The trial court could reasonably find appellant guilty of theft because appellant filled out an application for food stamps claiming to have access to only $110 when, in fact, she had access to considerably more resources than the limit for receipt of food stamps.

Affirmed.