**James Phinn SHANNON,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C7-85-1133.**

Court of Appeals of Minnesota.

Dec. 24, 1985.
Review Denied Jan. 31, 1986.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Johnson, Hennepin County Atty., Minneapolis, for respondent.

Considered and decided by LESLIE, P.J. and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

James Shannon appeals from a conviction of first-degree burglary in violation of Minn.Stat. § 609.582, subd. 1(c) (1984) and from the denial of his post-conviction motion for a new trial. He contends that the evidence was insufficient to sustain the conviction and that the trial court erred in refusing to grant a new trial based on newly discovered evidence. We affirm.

## FACTS

Calvin Wright and Tunge McKnight shared a ground-floor apartment in north Minneapolis. The building had a security system consisting of a security door, a closed circuit television monitor, and a guard's desk near the front door. On July 14, Stacey Evans and Daryl Watson spent the night at the apartment. Between 3:00 and 4:00 a.m. Watson was awakened by a man wielding a knife who was trying to pull a necklace from Watson's neck. A struggle ensued, and Watson was cut behind his left ear and on his hand, and was scratched on his neck and cheek. The noise awakened Evans, who tried to assist Watson, but he was knocked down by a second man. The two intruders then fled.

Evans awakened Wright and McKnight and told them of the break-in. As Wright dressed, he noticed that a wristwatch and several necklaces were missing from his bedside stand. The four then left to look for the burglars.

They found appellant on a nearby basketball court. McKnight testified that several men on the basketball court denied that appellant had been with them. Evans testified they told appellant that if he returned the jewelry they would forget the incident. Appellant denied burglarizing the apartment. The men argued, and Evans hit appellant. When appellant ran, McKnight called the police.

At approximately 6:00 a.m., Minneapolis police received a call that appellant was outside the McKnight-Wright apartment building. He left before police arrived, but he returned while the officers were still at the apartment. An officer followed appellant and later arrested him at his home. When police questioned appellant, he denied being in the apartment building. His story changed, however, when he learned that the apartment's security guard had identified him.

Evans and Watson later identified appellant in a photographic showing and in court as the man with the knife in the apartment. McKnight and Wright also identified appellant in court and in a photographic showing

as the man they saw at the basketball court immediately after the burglary. McKnight testified that shortly after the burglary, one of her kitchen knives was found with blood on it outside the building.

Jerry Upton, the apartment's security guard, also testified for the State. He was on duty the night of the burglary and said he saw appellant and another man enter the building and the McKnight-Wright apartment. A few minutes later he saw them rush out of the apartment and away from the building. He testified that he saw appellant walk in the direction of a nearby basketball court. Upton identified appellant's picture in a photographic showing and also identified appellant's copper bracelet as the one worn by one of the men that evening.

Appellant did not testify at trial. Lynn Shannon, appellant's wife, testified that the evening prior to the burglary she drove appellant to an Elks Club at approximately 10:50 p.m. Appellant apparently spent the evening visiting friends and acquaintances in the area.

The jury found appellant guilty and he appealed. His appeal was dismissed on his own motion so he could bring a post-conviction petition for a new trial based on newly discovered evidence. The newly discovered evidence was the testimony of Andre Scott and Troy Martin. At the post-conviction hearing, Scott testified that he was on the basketball court that night and that appellant did not approach the court from the direction of the apartment building. Although Martin was subpoenaed to testify, he did not do so. Appellant's counsel, however, was allowed to make an offer to prove that if Martin had testified he would corroborate Scott's testimony. Appellant argued that the court should forgive him for not producing these witnesses at trial because he did not know their names and could not locate them. The court denied the motion, and this appeal ensued.

## ISSUES

1. Is the evidence sufficient to sustain appellant's conviction for first-degree burglary?

2. Is appellant entitled to a new trial because of newly discovered evidence?

## ANALYSIS

1. Appellant contends that his conviction must be set aside because the evidence was insufficient to convict him. In determining the sufficiency of the evidence in a criminal case, it is well-settled that appellate review is limited to "ascertaining whether under the evidence contained in the record the jury could reasonably find the accused guilty of the offense charged." *State v. Norgaard,* 272 Minn. 48, 52, 136 N.W.2d 628, 631–32 (1965). The court is required to view the evidence in the light most favorable to the verdict and to assume the jury believed the State's witnesses and disbelieved contradictory testimony. *State v. Combs,* 292 Minn. 317, 195 N.W.2d 176 (1972).

■ Specifically, appellant claims that there was no evidence of forced entry into the apartment, that he did not act like a guilty person, and that the identification testimony was unreliable. The fact that there was no evidence of forced entry is irrelevent because the statute appellant was convicted under contains no requirement of forced entry. *See* Minn.Stat. § 609.582, subd. 1 (1984). Nor is it relevant on appeal that appellant may not have acted like a guilty person.

■ Regarding the reliability of the identification testimony, two eyewitnesses identified appellant as the person in the apartment who took the necklace from Wright. Another eyewitness identified appellant as a person seen entering the apartment and leaving it in a hurry. The jury obviously believed the State's witnesses. Given the limited scope of review, we believe that the jury reasonably found the eyewitness testimony to be accurate and disbelieved contradictory testimony. Therefore, we hold that the evidence is sufficient to sustain his conviction.

2. Appellant also argues that he is entitled to a new trial based on newly discover-

ed evidence. He contends that two of the men on the basketball court with him that evening, Troy Martin and Andre Scott, could not be located to testify at trial because appellant did not know their names.

 Minnesota Rule of Criminal Procedure 26.04, subd. 1(1)(5) provides that the court may grant a defendant a new trial if there is "[m]aterial evidence, newly discovered, which with reasonable diligence could not have been found and produced at the trial." This decision is within the trial court's discretion and will not be overturned on appeal absent abuse. *Berry v. State*, 364 N.W.2d 795, 796 (Minn.1985). In *State v. Klotter*, 274 Minn. 58, 142 N.W.2d 568 (1966), the supreme court stated that in order for an appellate court to reverse a trial court's refusal to grant a new trial on the basis of newly discovered evidence,

> [i]t must be shown that the evidence could not have been discovered before trial by due diligence and that the newly discovered evidence at the time of trial was not within the knowledge of the accused or is not merely cumulative. It must also be shown that, in the event of a new trial, the newly discovered evidence will probably produce a different or more favorable result.

*Id.* at 64, 142 N.W.2d at 572.

 We feel that appellant has failed to meet either requirement. First, we feel that if appellant had exercised due diligence, the evidence would have been discovered before trial. At the post-conviction hearing, Scott testified that he is a good friend of appellant's brother and that he saw him regularly from July 1984 through January 1985. Although appellant was in jail, nothing prevented his wife or his brother from trying to locate Scott. Had he simply asked his brother to try to find the men on the basketball court, Scott and Martin probably would have been found prior to the trial.

 Nor do we feel that appellant has shown that the newly discovered evidence would probably produce a different or more favorable result if a new trial were

granted. First, the case against appellant was strong because three eyewitnesses testified against him. Second, the new evidence is not direct evidence that appellant was not guilty, but rather circumstantial evidence that appellant came from a different direction. Finally, there is nothing to show that the jury would have believed the word of appellant's brother's friend rather than the testimony of the three eyewitnesses. Therefore, we feel that the trial court did not abuse its discretion in denying appellant's motion for a new trial.

## DECISION

The evidence is sufficient to support appellant's conviction of burglary in the first degree. Appellant is not entitled to a new trial on the basis of newly discovered evidence.

Affirmed.