# STATE v. EMIL RICHARD DAML.

162 N. W. (2d) 240.

November 1, 1968—No. 39392.

C. *Paul Jones,* State Public Defender, and *Richard W. Swanson,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

This is an appeal from a judgment of conviction of first-degree robbery, Minn. St. 1961, § 619.42. Defendant contends that the court erred in failing to instruct the jury on the effect of a witness' prior inconsistent statement and that the verdict is not supported by the record.

From the record it appears that the jury could find that defendant and his companion, one Roger Childs, at between 2 and 2:30 a. m. on June 20, 1963, were driving in the vicinity of the Clark gas station on University Avenue in southeast Minneapolis. They stopped about a block from the station, at which time defendant gave Childs a .32-caliber revolver which he owned. Childs entered the station and robbed the attendant of $14. He returned to the automobile and said, "Let's go," and they drove away. Minneapolis police officers, who had been alerted by radio, observed a car being driven at about 50 miles an hour westerly on University Avenue. After a chase, they stopped the car and identified Childs from the description they had received of the suspect. He was found in the right front seat with a revolver tucked under his belt, and defendant was in the driver's seat. Shortly after their arrest, defendant told Childs in the presence of police officers that he was going to tell the police about the robbery. The following day they both gave statements admitting their participation in the robbery. Childs subsequently entered a plea of guilty to a robbery charge, but defendant, whose plea of guilty had been withdrawn by the court on his behalf, stood trial.

At the trial Childs was called as the state's first witness. On direct

examination he testified that the car was stopped near the Clark station because he wanted to go to the bathroom and that defendant was not actually aware of the robbery. Since this testimony was contrary to what the state had expected, the prosecuting attorney was permitted to cross-examine the witness. Childs admitted giving a statement to the police but asserted that it was not true. He did admit that he was in the company of defendant from the afternoon of the day preceding the robbery until the arrest occurred. He also admitted that he had robbed the gas station and had pled guilty to the offense.

■ Defendant contends that the trial court erred in failing to instruct the jury that Childs' testimony was received for impeachment purposes only and that it should not be given substantive weight, but should be considered only as it bears on the issue of credibility. It should be noted that defendant's counsel made no request for such an instruction. The point thus raised is disposed of by prior holdings of this court in State v. DeZeler, 230 Minn. 39, 41 N. W. (2d) 313, 15 A. L. R. (2d) 1137, and State v. Taylor, 270 Minn. 333, 133 N. W. (2d) 828. In the former case we held that where evidence is admissible only for the limited purpose of impeachment it is not prejudicial error for the trial court to fail to give the jury, in the absence of a request therefor, a cautionary instruction that no weight or consideration should be given such evidence for any other purpose. In the latter case we said (270 Minn. 339, 133 N. W. [2d] 832):

"* * * [C]onvictions will not be set aside for the trial court's failure to give a cautionary instruction with respect to the evaluation of evidence unless at trial such instruction has been requested or exception taken to the failure of the trial court to give it."

■ With reference to defendant's claim that the evidence was not sufficient to justify the verdict, it may be observed that the record fairly establishes that defendant was the owner of the weapon used in the robbery and that he drove the getaway car. While the robbery was being committed, defendant parked the car at a place out of sight of the gas station, and when Childs returned to the car, defendant drove away at an excessive rate of speed. The circumstances here are similar to those recited in State v. Carlson, 280 Minn. 77, 158 N. W. (2d) 199, where before the trial both the defendant and his accomplice admitted participation in the crime but at trial denied their admissions. In affirming the conviction, we said (280 Minn. 80, 158 N. W. [2d] 201):

"With reference to defendant's argument that the evidence was not sufficient to sustain a verdict of guilty, it is only necessary for us to say that a careful review of the transcript reveals that the evidence, both direct and circumstantial, viewed most favorable to support a finding of

guilt, was sufficient to permit the jury to reach that conclusion in the instant case. * * *

\* \* \* \* \*

"The record supports the finding that defendant was involved as a principal under circumstances where he was liable for the crimes of another under Minn. St. 609.05. The record fully substantiates that defendant with other youths during the evening hours ranged about the city of Minneapolis looking for someone to rob or some place to burglarize and that, when the assault and robbery of the victim in this case occurred, he was well aware of what was going on."

We have said on numerous occasions that in reviewing the sufficiency of the evidence we do not try the facts anew. Our responsibility extends no further than to make a painstaking review of the record to determine whether the evidence, direct and circumstantial, viewed most favorably to support a finding of guilt, is sufficient to permit the jury to reach that conclusion.

Affirmed.