## STATE v. KEITH LEE DARROW.

178 N. W. (2d) 778.

May 29, 1970—No. 41631.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and James F. Murphy, JJ.

JAMES F. MURPHY, JUSTICE.*

This is an appeal from a judgment of the district court adjudging defendant, Keith Lee Darrow, guilty of the crime of unauthorized use of a motor vehicle in violation of Minn. St. 1967, § 609.55.

Defendant's principal contention is that there was insufficient evidence to convince a jury beyond a reasonable doubt that he was guilty of the crime.

At the time of the alleged commission of the offense, Minn. St. 1967, § 609.55, subd. 2,[1] provided that "[w]hoever intention-

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

[1] Now amended by L. 1969, c. 241.

ally takes and drives a motor vehicle without the consent of the owner or his authorized agent" is guilty of unauthorized use of a motor vehicle.

It appears from the record that on January 21, 1968, Albert Lindholm's car, a 1967 gold-colored Rambler, was stolen from the street in front of his home at 3349 Fifth Avenue South in Minneapolis. Albert, his wife, Helen, and two children, Kathy and Bradley, were watching the conclusion of an hour-long television program that had begun at 8 p. m. Bradley happened to look out the front window and saw the 1967 Rambler being driven away. None of the Lindholms was able to see the person driving. The Lindholms and their son all placed the time that they first noticed the car being driven away at between 8:50 and 8:55 p. m. The family had given no one permission to use the car.

Albert Lindholm immediately notified police, who broadcast a description and the license number of the car. At 9:30 p. m. Officers Dennis C. Lundberg and LeRoy Lorge of the Minneapolis Police Department were going into the parking lot of the White Castle Drive-in located at Grant Street and Nicollet Avenue. They noticed a gold Rambler and on checking the license number discovered that it matched the one broadcast earlier. Defendant, who was driving the car, and his girl friend, Linda Belle Brown, were arrested.

Linda was later released and testified for the prosecution. Linda, a senior in high school, worked on January 21 at the Ebenezer Home Society, located at 25th Street and Portland Avenue South. Earlier in the evening she had twice called defendant who had agreed to pick her up when she finished working at 9 p. m. She stated that he was prompt and she knew it was 9 p. m. when he arrived to pick her up "[b]ecause our chime clock was ringing." He was driving the gold Rambler. From the Ebenezer Home, defendant took Linda to Luther Hall, located at 26th Street and Park Avenue South, where she changed her clothes. From Luther Hall they drove to the White Castle where they were arrested. On the way to the White Castle she asked

defendant where he got the car. She testified that he said "it was a friend of his," and that "it was parked outside of his house * * * in the afternoon."

After being arrested and advised of his rights, defendant told the arresting officers that the car had been left in front of his house by a friend. Later he told detectives that a friend named "Terry," whose last name he did not know, had called him earlier in the evening. Defendant claimed he had painted a car for Terry and drove it to 38th Street and Snelling Avenue South to return it to him; that Terry then asked him to paint the gold Rambler, so they exchanged cars; and that defendant drove the gold Rambler to pick up Linda. Defendant testified at the trial that he had not seen Terry since the day he gave him the car; also, that he did not know Terry's last name.

The police conducted driving experiments which demonstrated it was highly unlikely, if not impossible, that anyone could have stolen the Lindholm car at 8:50 p. m. from in front of the Lindholm home and driven it to 38th Street and Snelling Avenue South, where the cars were allegedly exchanged, if defendant arrived at the Ebenezer Home Society at 9 p. m., as Linda testified.

Detectives drove the routes defendant claimed to have used. They found it took 9 minutes to go from 34th Street and Fifth Avenue, the Lindholm residence, to 38th Street and Dight Avenue (one block closer to their starting point than Snelling) and another 8 minutes to go from 38th Street and Dight to the Ebenezer Home. Defense counsel made no objection when this testimony was elicited, nor did he make any request subsequently that the testimony be stricken.

The driving time from the Lindholm home to the Ebenezer Home is 4 minutes. It is easily seen that if Linda's testimony is accepted, the events could not have happened as defendant claimed because he would not have reached the Ebenezer Home until well after 9:05 p. m.

The prosecution gave notice of its intent to prove a plan or

scheme by showing that defendant had previously stolen a car. State v. Spreigl, 272 Minn. 488, 139 N. W. (2d) 167. The procedural requirements of State v. Billstrom, 276 Minn. 174, 149 N. W. (2d) 281, were followed. The state proved that on January 10, 1968, a white Rambler was stolen from the owner; that defendant worked on the white Rambler at a body shop where he was employed; and that on January 11, 1968, the owner discovered the white Rambler in front of defendant's house. Defendant in his defense claimed that an unidentified friend offered to sell him the white Rambler and loaned it to him so he could have it checked over while deciding whether to buy it.

The trial judge instructed on direct evidence and circumstantial evidence. The jury was instructed that in order to find defendant guilty, the state must prove beyond a reasonable doubt all of the essential elements of the crime charged. On the foregoing facts and evidence the jury found defendant guilty of unauthorized use of a motor vehicle.

■ One of defendant's reasons for arguing that the evidence is insufficient is that he feels the time-travel experiments conducted by the police did not have sufficient probative value to support the verdict beyond a reasonable doubt. In State v. DeZeler, 230 Minn. 39, 49, 41 N. W. (2d) 313, 320, this court stated that in both criminal and civil proceedings the "performance of experiments in the presence of the jury, or the admission of evidence of experiments performed out of the presence of the jury, when they are made under conditions and circumstances substantially similar to those existing in the case at issue * * * rests in the sound discretion of the trial court." As we have already said on this issue, it is to be noted that defendant made no objection when this evidence was offered. In addition, in an attempt to cast doubt on the validity of the experiments, defense counsel cross-examined the police officer who testified about them. Defense counsel also referred to the experiments in his closing argument. We have said in the past under similar circumstances that the defendant has waived his right to contend that the evidence was erroneously received. State v. Clark, 286 Minn.

419, 176 N. W. (2d) 123; State v. Carmichael, 275 Minn. 148, 145 N. W. (2d) 554; State v. Pearson, 153 Minn. 32, 189 N. W. 404.

■ The second issue presents the question of whether the evidence was sufficient to prove beyond a reasonable doubt that defendant took and drove the automobile without permission when the only direct evidence was that he drove the automobile.

In reviewing a claim of insufficiency of evidence, when the evidence is circumstantial this court has repeatedly stated that the guilt of a defendant can be established by facts and legitimate inferences from those facts and that the evidence will be sufficient to sustain a conviction if the inferences to be drawn from established facts are inconsistent with innocence. State v. Bell, 262 Minn. 545, 115 N. W. (2d) 468. In State v. Ellingson, 283 Minn. 208, 211, 167 N. W. (2d) 55, 57, we said:

"It will be noted that in reviewing the sufficiency of the evidence we do not try the facts anew. Our responsibility extends no further than to make a painstaking review of the record to determine whether the evidence, direct and circumstantial, viewed most favorably to support a finding of guilt is sufficient to permit the jury to reach that conclusion. State v. Daml, 282 Minn. 521, 162 N. W. (2d) 240; State v. Keezer, 274 Minn. 292, 143 N. W. (2d) 627."

This court has consistently held that the weight and credibility of disputed evidence are for the jury. Furthermore, that upon review of the evidence upon a claim that it was insufficient to support the verdict, the court will take the most favorable view of the state's testimony to which it is reasonably susceptible. In doing so, this court must assume that the jury believed the state's testimony and disbelieved that which contradicted it. State v. Ellingson, *supra;* State v. Schabert, 222 Minn. 261, 24 N. W. (2d) 846; State v. Armstrong, 257 Minn. 295, 101 N. W. (2d) 398.

The evidence, direct and circumstantial, when taken together amply supports the verdict of guilty.

Affirmed.