## STATE v. BENJAMIN ARTHUR SENSKE.

190 N. W. (2d) 658.

September 24, 1971—No. 42208.

*C. Paul Jones,* State Public Defender, and *Roberta, K. Levy,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *James M. Kelley,* Assistant Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Peterson, Kelly, and Odden, JJ.

KELLY, JUSTICE.

Defendant has been found guilty by a jury of aggravated robbery and he appeals his conviction on the grounds that:

(1) The evidence presented by the state was insufficient as a matter of law to sustain the jury's verdict;

(2) The trial court erred in refusing to grant defendant's motion to strike the testimony of a witness; and

(3) Minn. St. 595.07, which authorizes the impeachment of any witness who has previously been convicted of a crime by proof of such violation, defeats defendant's constitutional right to a fair trial.

On December 3, 1968, a man wearing a ski mask over his face and armed with a gun entered Dahl's 620 Club, 620 West Seventh Street in St. Paul, by the back door and ordered the customers to lie on the floor. The man then ordered the bartender to give him the money, whereupon the latter complied by filling a paper sack with the paper money in the cash registers. After ordering the bartender to lie on the floor, the man discharged two shots and then departed through the back door. Two small caliber .22 spent cartridges with an initial "F" on them were found lying on the floor of the 620 Club by the police.

Mr. Ronald Peterson, who was present during the robbery, identified defendant as the robber after looking at some pictures at police headquarters. Peterson attended school with defendant and had served him many times while working as a bartender at another bar and thus knew defendant by sight. He based his opinion that defendant was the robber on the sound of his voice and from his build "and just from looking at him."

It is the contention of defendant that the evidence is insufficient to sustain his conviction. Four eyewitnesses identified defendant as the robber although, as one might expect, there were some inconsistencies in their testimony as to the robber's dress and appearance. Ronald Peterson's positive identification of the defendant in the light of their past acquaintance must have been very persuasive to the jury, just as it is with this court.

Identification testimony need not be positive and certain; it is enough for a witness to testify that it is his opinion, belief, impression, or judgment that the defendant is the person he saw commit the crime. State v. Sutton, 272 Minn. 399, 138 N. W. (2d) 46. The factors affecting the reliability of eyewitness testimony, such as time for observation and circumstances under which the observation was made, go to the weight to be accorded the testimony, not to its admissibility. We cannot say that under the circumstances of this case the witnesses' identification is not entitled to the weight the jury apparently gave it.

If the jury accepted the identification testimony of the state's witnesses that defendant was the robber, the circumstantial evidence established defendant's guilt beyond a reasonable doubt. Katherine Gaumitz testified that defendant visited an apartment across from the 620 Club about 8:30 on the night of the robbery with a gun in his possession and asked for a nylon stocking and that he returned later in the evening with $10 bills in his possession.

Defendant argues that there were discrepancies in the testimony of the state's witnesses and thus the testimony of these winesses was unreliable. We have carefully considered and do not regard these discrepancies as fatal. This court has held that the fact that there are inconsistencies in the testimony of the state's witnesses will not preclude a conviction. State v. Poelaert, 200 Minn. 30, 273 N. W. 641.

Mr. David Oertel was the only witness who appeared on defendant's behalf. He testified that during the robbery he was near the front door of Dahl's 620 Club and he couldn't see what the robber had over his face but that his hair was blond. He admitted that he couldn't see the robber clearly because he viewed him from a distance and for only a short time. Mr. Oertel did testify that defendant was not the robber. In State v. Houge, 280 Minn. 372, 159 N. W. (2d) 265, this court made it clear that the weight and credibility of disputed evidence was for the jury. Upon review, this court will take the most favorable view of the

state's testimony to which it is reasonably susceptible. It is apparent that the jury, acting within its province, was unimpressed with Mr. Oertel's testimony which contradicted testimony of the state's witnesses. If the jury accepted the testimony of the state's witnesses as the truth, there is sufficient evidence in the record to support the conviction and we will not try the facts anew.

Our responsibility extends no further than to make a painstaking review of the record to determine whether the evidence, direct and circumstantial, viewed most favorably to support a finding of guilt, is sufficient to permit the jury to reach that conclusion. State v. Daml, 282 Minn. 521, 162 N. W. (2d) 240. An examination of the record leads us to believe that the evidence is such that the conviction should be affirmed.

The defendant next claims error for the trial court's refusal to grant his motion made at the close of the state's case to strike the testimony of a witness for lack of foundation and because the police had conducted an improper "one-man photographic lineup" by showing the witness a picture of defendant prior to trial for identification purposes. The witness, Edmund J. Cahill, had testified that he had seen defendant buy a box of .22 long rifle shells at a Holiday station store near 1400 West Seventh Street in St. Paul about 8:15 on the night of the robbery. Following Cahill's testimony, the manager of the store testified that Federal brand .22 caliber long rifle ammunition with the initial "F" had been sold at that store during December 1968. Defendant's claim of error with respect to Mr. Cahill's testimony is of no merit because an objection not made as soon as the grounds for it appear is deemed waived since it is impossible for the trial court subsequently to erase from the jury's memory the effect of the testimony. State v. Kohuth, 287 Minn. 520, 176 N. W. (2d) 872.

Even if a timely objection had been made, we would not hold that there was prejudicial error in the refusal to strike this witness' testimony. Although Mr. Cahill was shown defendant's picture by the police prior to trial, he was positive of his identifi-

cation at trial by reason of the unusual circumstances which occurred in the Holiday station store. Defense counsel had an opportunity to cross-examine Mr. Cahill, and it was for the jury to decide what weight to give to his identification testimony. The identification procedure was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U. S. 377, 384, 88 S. Ct. 967, 971, 19 L. ed. (2d) 1247, 1253.

The next assignment of error by defendant is that Minn. St. 595.07 is unconstitutional. That statute provides:

"Every person convicted of crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry; and the party cross-examining shall not be concluded by his answer thereto."

After being informed in chambers by the trial court that the prosecutor would be allowed to cross-examine him under Minn. St. 595.07 with regard to prior convictions, the defendant told the court that he would not testify because he had previously been convicted of two crimes. Furthermore, two potential alibi witnesses were not called because they had both been convicted of crimes. Thus, the court did not have an opportunity to pass on the constitutionality of Minn. St. 595.07 at trial.

An appellate court cannot consider matters which were not properly raised and decided at the trial. This court will not issue an advisory opinion on this issue. Had the defendant taken the stand and had the trial court allowed the prosecutor to cross-examine him, we could base a decision on a complete record without going beyond matters actually raised at trial. Defendant will not be allowed to refuse to testify, hoping that the jury will acquit him, and still have the option for a reversal by testing the constitutionality of § 595.07 upon conviction.

Affirmed.