STATE v. JOSEPH COMPARETTO.

193 N. W. 2d 626.

December 23, 1971—No. 41933.

*Albert V. Rosenbower,* for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

PER CURIAM.

Defendant appeals from a conviction in Hennepin County District Court of attempted sodomy.[1] The principal grounds urged for reversal are that the prosecutor's closing argument constituted prejudicial misconduct justifying reversal and that the inculpatory testimony of an accomplice was not corroborated.[2] We affirm.

The trial arose from an incident which occurred in Hennepin County on July 7, 1968. A gang of young men broke into an apartment occupied by three young women, raping and forcing sodomy upon one of the women. The victim singled out defendant at a lineup as one of the individuals who forced the act of sodomy.

At the trial, one of the attackers testified that defendant had committed the act of which he was accused. Defendant sought to prove that the testifying accomplice was lying and that no one else could positively place defendant at the scene of the crime.[3] The jury returned a verdict of guilty of attempted sodomy.

[1] Minn. St. 609.17, 609.293.

[2] Minn. St. 634.04 requires corroboration of the testimony of an accomplice to sustain a conviction.

[3] Proving this would be an impossible task if a new trial were to be granted since at the time of imposition of sentence defendant admitted he didn't tell the truth at the trial and that he was in fact present when the crime took place.

1. Defendant's principal contention on appeal is that the prosecutor's final argument constituted prejudicial misconduct. Of the comments cited by defendant, most are perfectly proper forms of argument. On several occasions, however, the prosecutor made statements which constitute misconduct: He called the jurors by name, referred to the defense attorney as "very well paid," and described a prior rape case wherein the defendant was acquitted.[4] While we do not condone such statements, we conclude that defendant was not prejudiced.

We note that defendant made no objection to the prosecutor's argument either within or without the hearing of the jury.[5] Moreover, the defense attorney, to some extent, precipitated the prosecutor's comments. We base our ruling, however, on the harmlessness of the comments. Not only would the jury put little credence to the statements, but also the natural effect of the statements would be adverse to the person making them. The defense attorney in his summation responded to the arguments now complained about.[6] As a matter of trial strategy he may have thought such a course would be more effective than an objection. Since the remarks were not prejudicial to defendant, they were at most harmless error.[7]

2. Examination of the record reveals the lack of merit in defendant's contention that no evidence corroborates the accomplice's testimony. The victim testified that she thought defendant was one of the attackers, although she was never positive of her identification.[8] The accomplice's wife stated that defendant helped carry into her apartment a stereo stolen from the victim's apartment. Defendant's own explanation was that he was with the testifying accomplice all night except for a brief period when he was asleep in a car. According to defendant, it was during the time that he was asleep that the crime

---

[4] See, generally, A. B. A. Code of Professional Responsibility, Disciplinary Rule DR 7-106(C); Ethical Considerations EC 7-24, EC 7-25.

[5] See, State v. Cook, 212 Minn. 495, 499, 4 N. W. 2d 323, 325 (1942).

[6] See, State v. Pankratz, 238 Minn. 517, 57 N. W. 2d 635 (1953).

[7] See, Boland v. Morrill, 270 Minn. 86, 100, 132 N. W. 2d 711, 720 (1965), where we stated that the "primary consideration is prejudice."

[8] "Identification testimony need not be positive and certain; it is enough for a witness to testify that it is his opinion, belief, impression, or judgment that the defendant is the person he saw commit the crime." State v. Senske, 291 Minn. 228, 230, 190 N. W. 2d 658, 660 (1971). The indefiniteness and uncertainty affect the weight rather than the admissibility of the testimony. Ibid.

took place. As we indicated in State v. Stave, 280 Minn. 269, 270, 158 N. W. 2d 848, 850 (1968):

"* * * [C]orroboration need not be of sufficient weight to establish a prima facie case for conviction. Circumstantial evidence which clearly supports defendant's implication in the crime may be enough. The defendant's presence in the vicinity of the offense, in company with accomplices and under suspicious circumstances, will constitute adequate corroboration." [9]

Where evidence of corroboration exists, its weight and credibility is for the jury to consider. [10]

Defendant in his brief raises several other issues which are totally without merit. After a careful review of the transcript, we are convinced that evidence supports the jury's determination of guilt. The conviction is therefore affirmed.

Affirmed.

---

[9] See, also, State v. Mathiasen, 267 Minn. 393, 127 N. W. 2d 534 (1964); State v. Sorg, 275 Minn. 1, 144 N. W. 2d 783 (1966).

[10] State v. Rasmussen, 241 Minn. 310, 63 N. W. 2d 1 (1954).