STATE v. GARY ANDREW OTTEN.

195 N. W. 2d 590.

March 3, 1972—No. 42521.

*C. Paul Jones,* State Public Defender, and *G. Thomas MacIntosh II* and *Richard B. Allyn,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

PER CURIAM.

Appeal from a judgment of conviction after jury trial on an information charging defendant with the offense of sodomy upon or with a child. Minn. St. 609.293, subd. 4(3). Defendant asserts that the "complainant mistakenly identified him" and that he [defendant] "convincingly established an alibi."

From the record it appears that, on the evening of September 20, 1969, complainant, a 14-year-old girl, and her girl friend, while walking on their way to attend a high school fooball game, were hailed by three boys in an automobile, who invited them to a party. One of the occupants of the car was defendant, Gary Otten, who was known to complainant and whose sisters were her friends. Complainant recognized the second occupant of the car and later learned that his name was Greg Dopp and that one Charles Lemon was the driver of the car. The girls accepted the invitation and went with the boys to a place at Medicine Lake. En route, the occupants shared a bottle of beer, and after they arrived at the place where the party was being held, complainant had about three more bottles of beer, the effects of which did not produce intoxication. The party grew from about 12 participants when they arrived to about 30 or 40 people. It was attended by members of a motorcycle club called the "Elforesteros." Between the hours of about 10 p. m., when complainant asked Lemon to take her home, and approximately 1 a. m. the complainant was threatened, assaulted, and subject-

ed to criminal acts and conduct by eight or more male participants, including defendant. Without detailing the evidence, it is sufficient to say that the acts and conduct of defendant, as well as of the others, constituted the elements of the offense which the statute, under which he was charged, both condemns and punishes.[1]

In affirming the conviction, we need only to observe that the verdict will not be disturbed where, upon review of the record, it appears that the evidence, direct and circumstantial, viewed most favorably to support a finding of guilty, was sufficient for the jurors to reach that conclusion. State v. Harrison, 279 Minn. 310, 156 N. W. 2d 763 (1968); State v. Markuson, 261 Minn. 515, 113 N. W. 2d 346 (1962); State v. Kline, 266 Minn. 372, 124 N. W. 2d 416 (1963), certiorari denied, 376 U. S. 962, 84 S. Ct. 1124, 11 L. ed. 2d 980 (1964); State v. Norgaard, 272 Minn. 48, 136 N. W. 2d 628 (1965); Cady v. United States, 54 App. D. C. 10, 293 F. 829 (1923).

The contention of defendant that the identification testimony was inadequate is controlled by our decisions in State ex rel. Trimble v. Hedman, 291 Minn. 442, 192 N. W. 2d 432 (1971), as well as State v. Senske, 291 Minn. 228, 230, 190 N. W. 2d 658, 660 (1971), where we said:

"Identification testimony need not be positive and certain; it is enough for a witness to testify that it is his opinion, belief, impression, or judgment that the defendant is the person he saw commit the crime. State v. Sutton, 272 Minn. 399, 138 N. W. 2d 46. The factors affecting the reliability of eyewitness testimony, such as time for observation and circumstances under which the observation was made, go to the weight to be accorded the testimony, not to its admissibility."

Here the acts were committed at night in an unlighted area; and although the complainant's identification of the appearance and features of her tormentor might have been more explicit, her testimony with relation to his general appearance, the description of his clothes, and the identification of his voice was direct evidence sufficient to present a fact question for the jury to determine.

---

[1] Minn. St. 609.293, subd. 4(3), provides: "Whoever commits an act of sodomy upon or with any child under the age of 18 years, not his spouse, whether or not the act is also a violation of subdivision 2 or 3 and notwithstanding the consent of the child, may be sentenced as follows:

\* \* \* \* \*

"(3) If the child is over the age of 14 years, to imprisonment for not more than 10 years."

With reference to defendant's contention that an alibi was convincingly established, it is sufficient to observe that the weight to be given such evidence was also within the province of the jury. This issue is controlled by State v. Klashtorni, 177 Minn. 363, 225 N. W. 278 (1929), which holds that evidence to the effect that a defendant was somewhere else at the time the offense was committed does not compel a finding to that effect. The weight of such evidence is for the jury.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.