## STATE v. DAVID STEVEN SAUNDERS.

196 N. W. 2d 286.

March 17, 1972—No. 42522.

*C. Paul Jones,* State Public Defender, and *G. Thomas MacIntosh II,* and *Edgar H. Rex, Jr.,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Peterson, Todd, and Mason, JJ.

PER CURIAM.

Defendant appeals from a conviction for robbery. The issue is whether discrepancies in the testimony of witnesses who identified defendant require a finding as a matter of law that the state has failed to prove defendant guilty beyond a reasonable doubt. We affirm the conviction.

On September 16, 1969, at about 4 p. m., two men held up a pharmacist and his wife, Mr. and Mrs. Donovan Hopperstad, at Grais Drugstore, 3400 Lyndale Avenue South, Minneapolis. At gunpoint, they took $104 in cash and a quantity of narcotics. A bystander, Albert Babcock, saw the robbery in progress without realizing what was occurring until the two bandits fled the store. Thereupon, he gave the license number of the getaway car to the victims, who called the police.

Ownership of the car was traced to Carl Woods, an employee of a filling station at 36th Street and Lyndale Avenue South, two blocks from the drugstore. He testified that sometime between noon and 3 o'clock on the day of the robbery defendant came to the station and asked to borrow his car. Woods refused. When the police arrived to interrogate him, Woods directed them to where the car was parked, at which time he found it was missing.

Detective Francis Campbell informed defendant on October 10 that he was to be placed in a lineup, to which defendant responded, "I did it, there's no need of doing any more work on it."

The pharmacist, Hopperstad, testified he had only a "glancing" look at the robber's face but was able to determine that he had a full beard.

Mrs. Hopperstad stated that the man who held her at gunpoint had a goatee and a mustache. Babcock testified that one of the two men had a beard, but it was not defendant. According to Woods, who knew defendant, when defendant came in that afternoon to borrow his car he didn't have a beard, "just maybe a two or three-day growth that was sort of bristly."

These discrepancies in description do not require a reversal. Mrs. Hopperstad, who had ample opportunity to observe the robber, stated in answer to a question as to how she identified him:

"Well, I remember his face. There wasn't that much of his face hidden by all this, just this area here (indicating). I remember a rather large nose and some pock marks on his face and stoop shoulders. It's him whether he has a goatee or not."

We have recently held that inconsistencies in the testimony of eyewitnesses do not necessarily preclude a conviction. State v. Senske, 291 Minn. 228, 230, 190 N. W. 2d 658, 660 (1971). The question of identification presented a fact question for the jury to determine. State v. Otten, 292 Minn. 493, 195 N. W. 2d 590 (1972). The direct and circumstantial evidence of defendant's participation in the robbery was adequate to sustain the conviction.

Affirmed.