STATE of Minnesota, Respondent,

v.

Michael Douglas HARVEY, Appellant.

No. 48773.

Supreme Court of Minnesota.

Jan. 26, 1979.

Phillip S. Resnick, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Lee W. Barry and David W. Larson, Asst. County Attys., Minneapolis, for respondent.

Heard before KELLY, TODD, and WAHL, JJ., and considered and decided by the court en banc.

KELLY, Justice.

Appellant was charged with murder in the second degree. At trial his sole defense was that the homicide was justified. He was convicted and sentenced to an indeterminate period of one year and one day to 20 years. At the close of the trial, appellant moved for judgment of acquittal, or in the alternative, for a new trial on the grounds that the verdict was not supported by the evidence. Appellant claimed further that the introduction of the autopsy report into evidence by a doctor who was not actually present during the autopsy was reversible error. The trial court denied the motion and this appeal ensued. We reverse.

On January 12, 1977, at approximately 8:30 p. m., the appellant was watching television at his home in Minneapolis. An individual later identified as Paul U. Johnson, the decedent, knocked at the door and asked to see someone named Craig. The appellant informed him that there was no one by that name on the premises and Johnson left. He returned moments later asking to see defendant's brother. Appellant showed Johnson into his brother's room whereupon he returned to his own room. Shortly thereafter he heard a clicking noise coming from his brother's room which sounded to him like a bullet being placed into the chamber of a gun. Appellant took his brother's .22 caliber rifle from a closet and waited by the door to his brother's room. His brother came out of the room followed by Johnson, who appeared to the appellant to have a gun in his pocket.[1] Appellant testified that, as they came out of the room, he heard decedent tell his brother not to make any false moves.

According to the testimony, as appellant's brother came out of his room, he made facial expressions and gestures indicating that he was being robbed by decedent and was in danger. As the two passed by appellant, he began to follow them. Johnson then glanced back, whereupon the appellant commenced firing at him. Appellant testified that after he began shooting, Johnson tried to back away and continued attempting to pull the gun from his pocket. Altogether the appellant fired 13 shots, 12 of which struck decedent causing his death.

The issues before us on appeal are first, whether the trial court's admission of the autopsy report without requiring the testimony of the doctor who performed the autopsy was a violation of the defendant's Sixth Amendment right to confront the witnesses against him and second, whether the evidence presented at the trial was sufficient to sustain the verdict.

While we question the propriety of admitting the autopsy report without requiring the presiding doctor's testimony, we need not reach that issue since we dispose of this appeal on the basis of the insufficiency of the evidence presented by the state.

In a criminal case such as we have before us, the burden falls upon the prosecution to prove beyond a reasonable doubt the existence of each and every element of the crime charged. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In *State v. Columbus,* Minn., 258 N.W.2d 122, we held that:

"In Minnesota, the rule is that in homicide cases no burden rests upon the defendant to prove that he acted in self defense. The burden of proof is upon the state to satisfy the jury beyond a reasonable doubt that the killing was not justifiable." Minn., 258 N.W.2d 123.

Clearly once the defendant has raised the issue of justification the burden is on the state to prove beyond a reasonable doubt the absence of justification.

In this case we do not believe that the state has sustained its burden. An ex-

---

1. It was later established that Johnson did have a gun in his pocket.

amination of the facts bears this out. The defendant escorted a stranger into his brother's room. He heard suspicious sounds coming from the room. When his brother and decedent walked by him he saw what he reasonably believed to be a gun in decedent's pocket. At the same time his brother was nonverbally signalling him that he was in some danger. We believe that such facts support appellant's defense of justification.[2]

 The elements which must concur to establish a defense of justification are set out in *State v. Boyce,* 284 Minn. 242, 170 N.W.2d 104 (1969):

> "(1) The killing must have been done in the belief that it was necessary to avert death or grievous bodily harm.
> (2) The judgment of the defendant as to the gravity of the peril to which he was exposed must have been reasonable under the circumstances.
> (3) The defendant's election to kill must have been such as a reasonable man would have made in light of the danger to be apprehended." 284 Minn. 254, 170 N.W.2d 112.

The state did not present sufficient evidence to prove beyond a reasonable doubt that there was no justification. It merely established that defendant did the shooting, a fact which defendant never denied. Such evidence under the facts and circumstances in this case was not sufficient as a matter of law to overcome the defendant's prima facie case.

 Even viewing the evidence in the light most favorable to the prosecution, *State v. Darrow,* 287 Minn. 230, 177 N.W.2d 778 (1970), we cannot say that appellant's belief that the killing was necessary to avert death or grievous bodily harm was unreasonable under the circumstances.

Reversed with directions that no further prosecution be pursued in accordance with *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

---

2. *Minn.St.* 609.065 *provides in part:* "The intentional taking of the life of another is not authorized by section 609.06, except when necessary in the following cases:

(1) In resisting or preventing an offense which the actor reasonably believes exposes him or another to great bodily harm or death, or preventing the commission of a felony in his place of abode; * * *."