*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1577**

State of Minnesota,
Respondent,

vs.

Edwin Albert Dlugopolski,
Appellant.

**Filed June 13, 2016
Affirmed
Rodenberg, Judge**

McLeod County District Court
File No. 43-CR-14-1574

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael K. Junge, McLeod County Attorney, Daniel R. Provencher, Assistant County Attorney, Glencoe, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Steven P. Russett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Peterson, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

On appeal from his conviction of fifth-degree possession of a controlled substance, appellant Edwin Albert Dlugopolski argues that the district court violated his right to

present a complete defense by denying his request for an in-court, physical weighing of the controlled-substance evidence. We affirm.

**FACTS**

On October 20, 2014, Hutchinson police officers responded to a report of a man trying to open car doors in a store parking lot. The man police suspected of pulling on car doors gave officers a false name. Appellant, who was with that man, correctly identified him to the officers. After appellant's conversations with the officers ended, Officer Willers told appellant that he was free to leave. Officer Willers then asked appellant where he was going, and offered him a ride after learning his destination. After initially declining, appellant accepted Officer Willers' offer of a ride.

Officer Willers explained to appellant that he would have to pat-search appellant before he allowed him in the squad car. Appellant said "okay" and raised his arms to allow the search. When Officer Willers patted appellant's front-right pants pocket, he felt what he immediately recognized to be a pipe used for smoking methamphetamine. Officer Willers removed the pipe and continued to search appellant. He found a prescription medicine bottle containing four hydrocodone pills, a cut straw with methamphetamine residue on one tip, a small bag of marijuana, a butane lighter, and a bag of methamphetamine. Officer Willers confirmed by field testing that the substance in one of the bags was methamphetamine, and arrested appellant.

In processing the evidence, Officer Willers weighed the bag and methamphetamine. The two items weighed 1.5 grams. The bag and contents were sent to the Minnesota Bureau of Criminal Apprehension (BCA) for further testing. A BCA

2

forensic scientist tested the substance, confirmed that it was methamphetamine, and reported that the substance itself weighed 0.647 grams, excluding the weight of packaging.

The state charged appellant with one count of fifth-degree possession of a controlled substance (methamphetamine), in violation of Minn. Stat. § 152.025, subd. 2(a)(1) (2014). The case was tried to a jury. At trial, during cross-examination of Officer Willers, appellant's counsel sought to have the officer weigh the bag of methamphetamine with a scale that counsel had brought into the courtroom. The district court denied the request to weigh the evidence, expressing concern about the lack of notice of the proposed demonstration, among other concerns.

The jury found appellant guilty of fifth-degree possession of a controlled substance. The district court sentenced appellant to 17 months in prison. This appeal followed.

## D E C I S I O N

"Evidentiary rulings rest within the sound discretion of the [district] court and will not be reversed absent a clear abuse of discretion. On appeal, the appellant has the burden of establishing that the [district] court abused its discretion and that appellant was thereby prejudiced." *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003) (citation omitted). "When an error implicates a constitutional right, we will award a new trial unless the error is harmless beyond a reasonable doubt. An error is harmless beyond a reasonable doubt if the jury's verdict was surely unattributable to the error." *State v. Davis*, 820 N.W.2d 525, 533 (Minn. 2012) (citation and quotation omitted).

Appellant argues that the district court impeded his right to present a complete defense by denying his request to have Officer Willers weigh the evidence in the presence of the jury. In *State v. Darrow*, the Minnesota Supreme Court held that

> the performance of experiments in the presence of the jury . . . when they are made under conditions and circumstances substantially similar to those existing in the case at issue rests in the sound discretion of the [district] court.

287 Minn. 230, 234, 177 N.W.2d 778, 781 (1970) (quotation omitted). The supreme court has also held that a district court did not abuse its discretion when it excluded, without objection, defense counsel's evidence of an experiment performed outside the jury's view on foundational and relevancy grounds. *State v. Lindsey*, 284 N.W.2d 368, 374 (Minn. 1979).

Here, the district court denied appellant's request to weigh the bag of methamphetamine in open court because, among other concerns, appellant did not provide notice of the proposed demonstration to the state or the district court. The district court noted that appellant was free to argue about the discrepancy in the reported weight of the bag without the proposed demonstration. The district court's other concerns included the absence of verification of the scale's accuracy. And the charge of which appellant was convicted did not require proof of the weight of the drugs in any event. *See* Minn. Stat. § 152.025, subd. 2(a)(1).

Weighing evidence with a scale of uncertain accuracy and without prior notice to the court or the prosecutor was not essential to appellant's defense. Under *Darrow* and

4

*Lindsey*, the district court acted within its discretion in denying appellant's proposed in-court demonstration.  287 Minn. at 234, 177 N.W.2d at 781; 284 N.W.2d at 374.

**Affirmed.**